**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

MICHAEL R. SHAHWAN,

   Plaintiffs,

v.

Case No. 9:20-cv-80863-XXXX

VOSS & KLEIN, LLC, and EXPERIAN
INFORMATION SOLUTIONS, INC,

   Defendants.

_____/

**COMPLAINT**

   **NOW COMES** the Plaintiff, MICHAEL R. SHAHWAN by and through his attorneys, SULAIMAN LAW GROUP, Ltd., complaining of the Defendants, VOSS & KLEIN, LLC, ("Voss") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" and collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

   1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

**JURISDICTION AND VENUE**

   2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

   3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in this district.

5. Defendant Voss is a company operating from the State of Florida, and is headquartered in Broward County, Florida. Voss is a furnisher of information to the major credit reporting agencies, including Experian.

6. Defendant Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida.

## FACTUAL ALLEGATIONS

7. On January 22, 2018, Moody Plumbing ("Moody") rendered services at a building where Plaintiff had previously been a partial owner.

8. On January 26, 2018, Plaintiff received an invoice from Moody charging him for their services.

9. Plaintiff was perplexed, as he had never contracted for Moody to do his plumbing, and did not own the building when Moody did the work.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

10. Plaintiff attempted to clear up any confusion by disputing the debt with Moody and attaching the warrantee deed, showing he did not own the property at the time the services were rendered.

11. At some point in time, Voss, as debt collector for Moody, began to report a delinquent collection account on behalf of Moody in Plaintiff's consumer credit file ("subject account").

12. Beginning in January 2019, Plaintiff initiated a series of disputes with Experian, Moody, and Voss regarding the subject account's wrongful appearance in his credit file. Plaintiff disputed the fact that he was associated with the subject account in any way on numerous occasions.

13. On March 18, 2019, Experian responded to one of Plaintiff's disputes in writing. Experian notified Plaintiff that the account was verified as accurate and would remain on his credit report. The subject account continued to appear in Plaintiff's credit file.

14. On April 12, 2019, Experian responded to another one of Plaintiff's disputes. Again, Experian certified that subject account belonged to Plaintiff. The subject account continued to appear in Plaintiff's credit file.

15. Specifically, Defendants reported Plaintiff in collections, with a status of "not satisfying."

16. Plaintiff continues his efforts to resolve this matter, disputing the account on four separate occasions. At no time did Defendant's attempt to update their reporting of the subject account but instead verified the information as accurate despite Plaintiff's detailed dispute letters.

17. Voss and Experian continue to wrongfully report the subject collection account in Plaintiff's credit file.

## IMPACT OF CONTINUING
## INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

18. As of today, the erroneous reporting of the inaccurate information continues to paint a false and damaging image of Plaintiff. Defendants have yet to update the inaccurate information to accurately reflect Plaintiff's disputes.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

20. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless willfully and negligently repeatedly failed to perform reasonable investigations and reinvestigations of the disputed inaccurate information in Plaintiff's credit file as required by the FCRA. Defendants have continued to report the derogatory inaccurate information about Plaintiff.

21. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating the loss of ability to purchase and benefit from a credit line, postage, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing accounts that do not belong to Plaintiff.

22. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the inaccurate information that is not attributable to him.

## **DEFENDANTS' CONDUCT WAS WILLFUL**

23. Voss deliberately reports inaccurate information to Experian as a means to coerce Plaintiff into paying an account he doesn't owe—Voss knows that the inaccurate reporting of the subject account will have a significant impact on Plaintiff's ability to obtain credit.

24. Experian has been put on notice of Plaintiff's disputes multiple times, however, it recklessly continues to report the inaccurate information provided by Voss, without having taken any reasonable efforts to investigate.

25. The ongoing refusal of Voss to correct the inaccurate information, along with Experian's reporting of, and failure to investigate the inaccurate information, amounts to willful conduct in violation of the FCRA.

26. Defendants' reckless refusal to report accurate information is contrary to the spirit and purpose of the FCRA.

## **COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(AGAINST EXPERIAN)

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

29. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports it published concerning Plaintiff—it received Plaintiff's disputes on numerous occasions, but failed to take appropriate actions to investigate or update Plaintiffs credit file. As a result, false information was provided to at least one creditor.

30. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and to subsequently delete or correct the information in Plaintiff's credit file.

5

31. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that they received relating to Plaintiff's disputes.

32. Experian violated 15 U.S.C. §1681i(a)(5)(A) by failing to delete or modify the inaccurate information which was the subject of Plaintiff's disputes.

33. Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of Experian.

34. As pled in paragraphs 22 through 25 above, the conduct, action, and inaction of Experian was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35. In the alternative, Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff MICHAEL R. SHAHWAN respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST VOSS)

36. Plaintiff restates and reallages paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

38. Voss is a "person" as defined by 15 U.S.C. §1681a(b).

39. Voss is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

40. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

41. Voss violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving the requests for investigation from Experian triggered by Plaintiff's disputes and through Plaintiff's disputes directly to Voss and Moody.

42. Had Voss taken *any* steps to investigate, it would have discovered that any evidence that would link the subject account to Plaintiff simply does not exist.

43. Voss violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian and Plaintiff relating to Plaintiff's disputes.

44. Voss violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the incorrect information, with respect to the subject account.

45. Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of Voss.

46. As pled in paragraphs 22 through 25 above, the conduct, actions, and inaction of Voss were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47. In the alternative, Voss was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiff MICHAEL R. SHAHWAN respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 29, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com